UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 20-61958-CIV-CANNON/HUNT

JORGE CASTILLO,

    Petitioner,

v.

RICKY D. DIXON,
Secretary, Florida Department of Corrections,[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (ECF No. 1) filed by Jorge Castillo ("Petitioner"). The Honorable Aileen M. Cannon referred the Petition to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636. For the following reasons, the undersigned recommends that the Petition be DENIED.

## BACKGROUND

Petitioner was arrested in Florida on June 17, 2013, on charges he participated in a prescription drug diversion operation wherein he would purchase black market drugs in South Florida and then ship them to his drug distribution company operating in Detroit, Michigan. The drugs were then sold to pharmacies and, ultimately, to consumers with fraudulent documentation of origin. The proceeds were then laundered in Michigan

---

[1] Although Mark S. Inch was the Secretary of the Florida Department of Corrections at the time this case was filed, Ricky D. Dixon is now the Secretary of the Florida Department of Corrections and is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

before returning to Petitioner. Petitioner entered an open plea and was convicted and sentenced on April 7, 2016, on eight counts, to-wit: one count of trafficking in contraband prescription drugs, one count of conspiracy to traffic contraband prescription drugs, one count of organized scheme to defraud, and five counts of money laundering. Following a direct appeal that affirmed the conviction but resulted in a reduction in sentence to 19.78 years, Petitioner filed a Motion pursuant to Florida Rule of Criminal Procedure ("Fla. R. Crim. P.") 3.850 to Vacate, Set Aside, or Correct Sentence on May 28, 2019. The state court fully adopted the State's response to Petitioner's Rule 3.850 motion and summarily denied the Motion on January 6, 2020. That decision was affirmed by Florida's Fourth District Court of Appeal on July 9, 2020. Petitioner now seeks review of the state court's decision. The Secretary of the Florida Department of Corrections ("Respondent") does not challenge the timeliness of this Petition, nor that Plaintiff failed to exhaust his state remedies, so only its merits are now before the Court.

## STANDARD OF REVIEW

Section 2254 provides the standards by which a federal court must review a state prisoner's habeas corpus petition where there has already been a state court adjudication on the merits.[2] *See* 28 U.S.C. § 2254(d)–(e)(1); *Harrington v. Richter*, 562 U.S. 86, 96-98 (2011).

---

[2] The Eleventh Circuit has noted that these standards, adopted as part of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), *Pub.L. No. 104–132*, "place[] a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Crawford v. Head*, 311 F.3d 1288, 1295–96 (11th Cir. 2002) (quoting *Robinson v. Moore*, 300 F.3d 1320, 1343 (11th Cir. 2002)) (internal quotation marks omitted). "[A] state court's summary rejection of a claim qualifies as an adjudication on the merits under § 2254(d) so as to warrant deference." *Ferguson v. Culliver*, 527 F.3d

In pertinent part, the statute provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

The Eleventh Circuit has defined the statute's operative terms, "contrary to,"

"unreasonable application," and "clearly established Federal law":

> The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are separate bases for reviewing a state court's decisions. A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

---

1144, 1146 (11th Cir. 2008) (citing *Wright v. Moore*, 278 F.3d 1245, 1253–54 (11th Cir. 2002)). The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Crawford*, 311 F.3d at 1296 (quoting *Robinson*, 300 F.3d at 1344) (internal quotation marks omitted).

3

> Lastly, § 2254(d)(1) provides a measuring stick for federal habeas courts reviewing state court decisions. That measuring stick is "clearly established Federal law." Clearly established federal law is *not* the case law of the lower federal courts, including this Court. Instead, in the habeas context, clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.

*Putnam v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (citations, footnotes, and internal quotation marks omitted) (alterations in original).

To obtain habeas corpus relief on a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

First, "[t]o establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Richter*, 562 U.S. 86 at 104 (quoting *Strickland*, 466 U.S. at 688). It is the petitioner's burden to demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The reviewing court applies a "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Richter,* 562 U.S. 86 at 104 (quoting *Strickland*, 466 U.S. at 687).

Second, "[w]ith respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). A "reasonable probability" is that which would be "'sufficient to undermine confidence in the outcome'"; not simply

"'errors that had some conceivable effect on the outcome of the proceeding.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

## Evidentiary Hearing

Where the state record provides all pertinent facts, an evidentiary hearing in federal court is not needed. *See Schiro v. Landrigan*, 550 U.S. 465, 474 (2007) ("It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); *see also* 28 U.S.C. § 2254(e)(2) (stating federal courts "shall not hold an evidentiary hearing" "unless the application shows" circumstances that are inapplicable to the instant Petition) (emphasis added). The undersigned finds that the record in this case is such that no evidentiary hearing is needed.

## ANALYSIS

Petitioner raises four grounds for relief, all of which in some manner rely upon the state postconviction court's alleged unreasonable application of the standard for ineffective assistance of counsel. Ground One alleges that Petitioner's trial counsel was ineffective for failing to inform him that a plea agreement offered by the State promised a recommendation below the lowest permissible sentence the court could impose in his case. Ground Two alleges that Petitioner's trial counsel was ineffective for failing to inform Petitioner of a viable statute of limitations defense as to Counts 1, 2, and 3. Ground Three alleges Petitioner's trial counsel was ineffective for failing to move to dismiss Count 3, organized scheme to defraud, and Counts 5-9, money laundering, for lack of territorial jurisdiction. Ground Four alleges that Petitioner's trial counsel was ineffective for failing to file a motion to dismiss the information in its entirety for lack of subject matter

jurisdiction based on the jurisdictional authority of the Office of Statewide Prosecutor ("OSP").

  I. <u>Misadvice Causing Rejection of a Favorable Plea.</u>

Where a petitioner claims ineffective counsel led to rejecting a favorable plea agreement, he must establish prejudice by showing a reasonable possibility that but for counsel's deficient representation the plea agreement would have been presented to the court; that the court would have accepted its terms; and that the defendant would have received a lesser conviction or sentence than that imposed. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012) (standard adopted by the Florida Supreme Court in *Alcorn v. State*, 121 So. 3d 419 (Fla. 2013)). In Florida, defense counsel has a duty to advise clients of "all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant." Fla. R. Crim. P. 3.171(c)(2)(B).

Petitioner here alleges that the state postconviction court's decision rests on a misapplication of the *Strickland* and *Lafler* standards. Petitioner argues that his counsel was ineffective for failing to inform him that the second plea agreement offered to him by the State, a recommendation of 10 to 15 years in exchange for cooperation and a guilty plea, was below the lowest permissible sentence the Court could impose in his case. Petitioner argues this information was a pertinent matter which, had he been informed, would have caused him to accept the plea agreement and as such he suffered prejudice due to his counsel's deficient performance.

The state postconviction court, adopting the State's response, denied Petitioner's claim as to this ground, finding his allegations of deficient performance were refuted by

6

the record and that he had failed to demonstrate prejudice under the *Lafler* standard. Specifically regarding prejudice, the state postconviction court determined there was not a reasonable possibility that Petitioner would have accepted the plea agreement had he been fully informed, because the plea offer was contingent on Petitioner's cooperation and the record showed that Petitioner had no desire to cooperate.

Petitioner argues finding the plea agreement was contingent upon cooperation was an unreasonable determination of fact because it is not clear from the court record. Petitioner further argues that it was error for the state postconviction court to accept the State's position as to this fact without an evidentiary hearing, as without one the court was required to accept the Petitioner's factual allegations to the extent not refuted by the record.  See *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999).  Petitioner argues that it was error for the state postconviction court to rely on statements made in hearings subsequent to his rejection of the plea agreement because the prejudice determination is based upon the circumstances at the time of the offer and what difference effective counsel would have made at that time.  See *Alcorn*, 121 So. 3d at 432.

Respondent replies nothing in the record indicates trial counsel was deficient during plea negotiations or that Petitioner was ever interested in accepting the 10-15 year plea agreement.  Petitioner was in plea negotiations with the prosecution from the time of his arrest in June 2013 to June 2014, and repeatedly rejected the State's offers based on his unwillingness to cooperate and the length of the recommended sentence. Respondent asserts the fact Petitioner made a counteroffer of five years through his attorney shows that trial counsel conveyed the State's offers, discussed them with Petitioner, and advocated effectively for a more favorable deal.  ECF No 13-5 at 21.

Assuming *arguendo* that trial counsel was in fact deficient in failing to fully explain the plea agreement and what a "lowest permissible sentence" was to Petitioner, Respondent contends that Petitioner cannot show prejudice under the *Lafler* standard because no showing has been made that the plea would have been submitted to the court due to Petitioner's refusal to cooperate, and even were it submitted there is no showing that the court would have accepted it. Further, Respondent notes that the agreement called for an open plea with merely a recommendation, and argues Petitioner cannot show that he would have received a lesser sentence than the one he actually received as that would ultimately be the court's decision. Finally, Respondent, citing *Diaz v. U.S.*, 930 F.2d 832, 835 (11th Cir. 1991), argues that Petitioner's self-serving statement that he would have accepted the plea is insufficient by itself to warrant habeas relief. Relying on *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985), Respondent points out that Petitioner's allegations must be considered along with the totality of the objective factual circumstances to determine whether a reasonable probability of a different result existed.

The undersigned finds that no habeas relief is warranted as to Ground One. First, Petitioner has failed to establish by clear and convincing evidence that the state court's determination that the plea agreement was contingent upon cooperation was unreasonable. This determination was not only reasonable, it was unavoidable. At Calendar Call on June 13, 2014, the prosecution went on record stating that the State's plea offer of recommending 10-15 years was "still standing" and that there would be "no further plea negotiations . . . after today." ECF No. 13-1 at 3-4. When the court asked for clarification, the prosecution stated "The plea agreement with cooperation. At the end of the cooperation, the State agreed to recommending to the Court something between

8

10 to 15 years." *Id*. at 4.  Immediately afterward, Petitioner stated under oath that he understood the terms of the State's final offer and was choosing to decline. *Id*. at 4-5.  As Petitioner's factual allegations regarding the plea offer are clearly refuted by the record, the court was not required to accept them.  *Cf. Peede,* 748 So. 2d at 257.  Petitioner's argument that the court erred in relying on statements made subsequent to the June 13, 2014, hearing is also without merit, as it was that court's duty under *Hill* to evaluate all of the factual objective circumstances to determine what might reasonably have occurred had Petitioner been fully informed.

Second, the undersigned finds the court's application of *Strickland* and *Lafler* was reasonable in concluding that Petitioner failed to establish deficient performance or prejudice.  Petitioner never raised any concerns about the performance of his counsel in plea negotiations in the almost two years between his rejection of the final plea offer in June 2014, and his final sentencing in April 2016.  Petitioner now offers only his self-serving statements as evidence of his counsel's deficiency.  ECF No. 12-1 at 201.  Petitioner's statement is insufficient alone to carry his burden and to overcome the strong presumption of effectiveness to which counsel is entitled.  *Diaz,* 930 F.2d at 835.  Further, the record supports the court's conclusion that Petitioner suffered no prejudice, as he would not have accepted the plea agreement requiring cooperation even had he been fully informed.

With respect to the "lowest permissible sentence," as Respondent notes, the "lowest permissible sentence" reflected on Petitioner's scoresheet was not a binding limitation on the sentencing judge's discretion.  There were no minimum mandatory sentences in this case, a fact acknowledged by Petitioner prior to entering his guilty pleas.

ECF NO. 13-1 at 19.  Further, Petitioner was advised by the judge at his plea hearing that his guideline recommended range was "230.85 months up to and including the maximum penalty, which would essentially be life . . . 225 years Florida state prison."  ECF No. 13-3 at 9.  Petitioner acknowledged that his plea was an open plea, that is, "I declare myself guilty and let you decide the amount of time I can be sentenced."  *Id*.

At sentencing, Petitioner himself sought a downward departure below the so-called lowest permissible sentence, filing a detailed sentencing memorandum and arguing three separate bases for a departure or variance.  Both sides presented evidence and testimony at the sentencing hearings.  ECF No. 13-4, 5.  Ultimately, defense counsel (noting that Petitioner had already served close to three years in custody) argued that Petitioner "qualifies legally for a downward variance."  ECF No. 13-4 at 7.  Counsel urged the court to impose a sentence that was well below the "lowest permissible sentence," and well below the best recommendation previously offered by the state in exchange for cooperation.  Specifically, counsel suggested that "lengthy probation and house arrest will be sufficient to punish him for his conduct."  *Id*.  The sentencing judge evaluated whether Petitioner had established a valid basis for a departure, balanced against the prosecutor's arguments and evidence to the contrary, and ultimately concluded: "I don't believe it's appropriate in this case."  *Id*. at 28.

Petitioner stated under oath that he understood the State's final plea offer and that he was declining it.  Notably, Petitioner did not accept the State's final plea offer or agree to cooperate with law enforcement even when the State offered favorable sentences for Petitioner's wife and mother who were both charged under the same information as Petitioner.  ECF No. 12-1 at 233.  Instead, Petitioner attempted to secure a sentence of

approximately five years or less *without* cooperation during plea negotiations, and later in a motion for a downward departure at the time of sentencing. ECF Nos. 12-1 at 231, 13-5 at 21. While his decision to reject the plea offer and pursue another strategy was ultimately unsuccessful, Petitioner has failed to establish that the decision was the product of ineffective assistance from his counsel.

For the foregoing reasons, the undersigned recommends that the Petition be DENIED as to Ground One.

II.   Failure to Inform of a Viable Statute of Limitations Defense.

The statute of limitations for a felony in the first degree is four years after the felony was committed, while the statute of limitations for any other felony is three years after it was committed. *See* Fla Stat. § 775.15(2)(a,b). According to Florida law:

> An offense is committed either when every element has occurred or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.

Fla Stat. § 775.15(3).

Petitioner alleges that trial counsel was ineffective for failing to inform him of a viable statute of limitations defense to three counts charging him with two felonies in the first degree and one felony in the second degree prior to entering his plea. Specifically, Petitioner argues that the offenses of trafficking in contraband prescription drugs, conspiracy to traffic in contraband prescription drugs, and organized scheme to defraud over $50,000 are not "continuing offense" within the meaning of § 775.15(3). Petitioner argues the statute of limitations for these offenses began to run in March 2005, and as such the information filed on May 14, 2013, was untimely. Petitioner argues trial counsel

11

was ineffective for failing to inform him of this defense and as a result Petitioner suffered prejudice by pleading to these charges, receiving a higher sentence. The court denied this claim on the ground that the offenses charged were all continuing offenses and therefore the limitations period began to run when Petitioner's complicity ended, namely the day Petitioner was arrested.

Respondent replies that trafficking, conspiracy, and organized scheme to defraud are recognized as continuing offenses. Even if they were not so recognized, Respondent contends a motion to dismiss would have been meritless because Petitioner's acts continued from 2005 until his arrest in 2013, and as such Petitioner committed acts relating to each charge within the limitations period.

Here, the undersigned finds no habeas relief is warranted as to Ground Two because the state court did not unreasonably apply the *Strickland* standard for ineffective assistance of counsel. Florida law recognizes the offenses of trafficking, conspiracy, and scheme to defraud as continuing offenses. *See Connolly v. State*, 172 So. 3d 893, 914 (Fla. 3rd DCA 2015) (identifying conspiracy, theft, and trafficking as continuing offenses); *Young v. Moore*, 820 So. 2d 901, 902 (Fla. 2002) (identifying scheme to defraud as a "true continuing offense"). Since Petitioner's complicity in these continuing offenses only terminated upon his arrest in 2013, no meritorious statute of limitations defense existed to said offenses. Consequently, Petitioner's trial counsel could not be ineffective for failure to put such a defense forward.

For the foregoing reasons the undersigned recommends that the Petition be DENIED as to Ground Two.

    III.    <u>Failure to Move for Dismissal of Counts 3, 5-9 for Lack of Territorial Jurisdiction.</u>

Petitioner argues that Count 3 erroneously charged him with *selling* contraband prescription drugs as part of an organized scheme to defraud, because, while he *bought* contraband prescription drugs in Florida, he *sold* them in Michigan, and thus Florida lacked jurisdiction over his crime. Similarly, Petitioner argues that the acts of money laundering occurred through his business in Detroit, Michigan, and thus Florida lacks jurisdiction over those crimes as well. Petitioner therefore alleges that his trial counsel was ineffective for failing to move to dismiss Counts 3 and 5-9.

Under Florida Law,

> (1) A person is subject to prosecution in this state for an offense that she or he commits, while either within or outside the state, by her or his own conduct or that of another for which the person is legally accountable, if:
>
> (a) The offense is committed wholly or partly within the state[.]

Fla. R. Crim. P. § 910.005. Where an essential element of an offense is established in Florida, even if the offense is completed elsewhere, Florida has territorial jurisdiction. *See Lane v. State*, 388 So. 2d 1022, 1023 (Fla. 1980).

Here, the undersigned finds no habeas relief is warranted as to Ground Three because the state court reasonably applied the *Strickland* standard for ineffective assistance of counsel. Count 3 charged Petitioner with participating in an organized scheme to defraud within the State of Florida, and the means of said fraud was selling contraband prescription drugs. Petitioner participated in the scheme within Florida by purchasing the drugs, an essential element of the offense, and FedEx records show that some of these drugs were then sold to customers in Florida, marking the completion of

13

the offense.  ECF 12-1 at 242.  This was an offense committed both within and without the state over which Florida has territorial jurisdiction.

In a similar vein, the money that Petitioner laundered flowed from all over the country to his business in Michigan and then back to South Florida where Petitioner lives, marking the completion of the crime within Florida.  ECF 12-1 at 242.  As Respondent points out, Petitioner does not challenge the fact that he used the proceeds of these transactions within the State of Florida.  ECF No. 11 at 22.  Thus, the money laundering charges too were offenses committed at least partly within Florida over which Florida had territorial jurisdiction.  Any motion to dismiss on these grounds would have been meritless and as such the court was not unreasonable in its application of the law when it found Petitioner failed to satisfy the *Strickland* standard.

For the foregoing reasons, the undersigned recommends that the Petition be DENIED as to Ground Three.

IV. <u>Failure to challenge the authority of the OSP and seek dismissal of the information.</u>

Petitioner here alleges that the court unreasonably applied the *Strickland* standard and that his trial counsel was ineffective because counsel did not file a motion to dismiss the information for lack of subject matter jurisdiction on the grounds that the OSP did not have jurisdiction to prosecute his case.  Petitioner argues the entirety of his crimes in Florida were committed in Miami-Dade County, within the Florida Eleventh Judicial Circuit, and therefore the OSP lacked the requisite two or more circuits to establish jurisdiction.

The position of statewide prosecutor has concurrent jurisdiction with the state attorneys to prosecute crimes that occur within or affect two or more judicial circuits as

part of a related transaction. Fla. Const. Art. IV § 4(b). Subject matter jurisdiction is the power of a court to hear and decide a particular type of case, and Florida circuit courts have subject matter jurisdiction over all felonies. *Carbajal v. State*, 75 So. 3d 258, 262 (Fla. 2011).

Here, the undersigned finds no habeas relief is warranted as to Ground Four because the state court reasonably applied the *Strickland* standard for ineffective assistance of counsel. First, Petitioner's multistate fraudulent prescription drug and money laundering operation did in fact satisfy the OSP jurisdictional requirement of affecting more than two Florida judicial circuits. Travel records and FedEx shipping records show Petitioner would fly from Broward County and Miami-Dade County to Michigan after sending the black-market pharmaceuticals to his distribution company. ECF 12-1 at 242. FedEx records also show that some of the drugs were then shipped from Michigan back to Broward County, as well as all over the country, after being sold. *Id*. Second, Petitioner suffered no prejudice, as the information charged him with multiple felonies over which the circuit court had subject matter jurisdiction. Even assuming the challenge to dismiss the OSP would have been successful, Petitioner would have still faced the same charges in the same court, as Florida law provides "[n]o information is to be dismissed for an error of form or for any other cause unless the court is of the opinion that the information is so vague as to mislead the accused and embarrass him in the preparation of a defense." *Carbajal*, 75 So. 3d at 262-63 (quoting Fla. R. Crim. P. 3.140(o)).

For the foregoing reasons, the undersigned recommends that the Petition be DENIED as to Ground Four.

**Certificate of Appealability**

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After careful consideration of the record, the undersigned recommends that this Court should not issue a certificate of appealability.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 24th day of August 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Aileen M. Cannon
All Counsel of Record