UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 20-61958-CIV-CANNON/Hunt

**JORGE CASTILLO**,

    Plaintiff,

v.

**MARK S. INCH**,
Secretary, Florida Department of Corrections,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon the Report and Recommendation (the "Report") issued by Magistrate Judge Patrick M. Hunt on August 24, 2023 [ECF No. 15]. The Report recommends the following: denial of Petitioner's Petition for Writ of Habeas Corpus (the "Petition") filed pursuant to 28 U.S.C. § 2254 on all grounds [ECF No. 1]; denial of Petitioner's request for an evidentiary hearing [ECF No. 1 pp. 24, 30, 37, 40]; and no issuance of a certificate of appealability [ECF No. 15 p. 16]. Petitioner filed timely objections to the Report and requested an evidentiary hearing [ECF No. 16].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no specific objections are made are reviewed only for clear error. *See Thomas v. Arn*, 474 U.S.

CASE NO. 20-61958-CIV-CANNON/Hunt

140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (internal quotation marks omitted)).

The Court has reviewed the Petition [ECF No. 1], the Response [ECF No. 11], Petitioner's Reply [ECF No. 14], the Report [ECF No. 15], Petitioner's Objections to the Report [ECF No. 16], and the full record. After careful review, including *de novo* review of Petitioner's objections [ECF No. 16], the Court finds them to lack merit and adopts the well-reasoned Report. Petitioner has failed to make a "substantial showing of the denial of a constitutional right" sufficient to support the issuance of a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 15] is **ACCEPTED**.
2. The Petition [ECF No. 1] is **DENIED**.
3. Petitioner's requests for an evidentiary hearing [ECF No. 1 pp. 24, 30, 37, 40; ECF No. 16 pp. 4, 9] are **DENIED**.
4. No certificate of appealability shall issue.
5. Final judgment to issue by separate order.
6. The Clerk is directed to **CLOSE** this case.

CASE NO. 20-61958-CIV-CANNON/Hunt

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of September 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record